UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARBOR CAMPOS-RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONES, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1269 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 6.) Before the court are plaintiff's motion to proceed in forma pauperis ("IFP"), complaint for screening, and motion for the appointment of counsel. For the reasons set forth below, the court will grant plaintiff's IFP motion, give plaintiff leave to amend the complaint, and deny plaintiff's request for the appointment of counsel.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Analysis**

    **A.  Allegations of the Complaints**

Plaintiff is an inmate at the South Lake Tahoe Jail. He identifies Officers Jones, Bedford, and Green as defendants. Plaintiff contends that defendant Jones opened and read legal mail addressed to plaintiff from courts and attorneys. He alleges that defendant Bedford is Jones' superior officer and knew of, but failed to take action to stop, Jones' conduct. He further alleges

////

3

that defendant Green failed to properly train or discipline Jones and Bedford. Plaintiff seeks punitive damages, the costs of this suit, and a shortened sentence.

### B. Does Plaintiff State a Claim under 42 U.S.C. § 1983?

Inmates have a protected First Amendment interest in having properly marked civil legal mail opened only in their presence. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204 (9th Cir. 2017). "[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory." Id. at 1212. "Two or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." Id. at 1211 (quoting Merriweather v. Zamora, 569 F.3d 307, 318 (6th Cir. 2009)) (internal quotations omitted). The Sixth Amendment, prohibits guards from reading prisoner legal mail, and protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened. Mangiaracina v. Penzone, 849 F.3d 1191 (9th Cir. 2017). However, merely negligent conduct on the part of prison officials is not sufficient to state a claim. Id.

Plaintiff has stated a cognizable claim that defendant Jones interfered with mail sent to him from attorneys. However, the First Amendment does not prohibit opening mail from the United States courts outside the recipient's presence, since it is not legal mail. Hayes, 849 F.3d at 1211. Therefore, plaintiff's claims are limited to legal mail he received from other sources.

Plaintiff has further stated a cognizable claim that defendant Bedford was aware of Jones' conduct and failed to stop him.

Plaintiff fails to state a cognizable claim that Green failed to train or discipline Jones and Bedford. Plaintiff must show that defendant Green had "full knowledge that a problem existed" and made a conscious choice not to train, supervise, or discipline these defendants that resulted in the improper opening of plaintiff's legal mail. See Willard v. Cal. Dep't of Corrs. & Rehab., No. 1:14–cv–00760–BAM, 2015 WL 4495916, at *7 (E.D. Cal. July 23, 2015) (citing cases). To the contrary, plaintiff's only allegation is that Green responded to plaintiff's grievance by stating that he agreed that legal mail should be opened in the prisoner's presence and informing plaintiff that he had discussed the issue with staff to prevent further problems. (Ex. A to Compl. (ECF No. 1 at 10).)

4

Finally, plaintiff's request for a shortened sentence is not available in a civil rights action under 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (habeas corpus is the exclusive vehicle for relief affecting the duration of confinement). Accordingly, his claim for relief in the form of a shortened sentence will be dismissed from this action.

**C. Conclusion**

Because the court finds plaintiff's complaint does not state a claim against defendant Green, plaintiff will be given an opportunity to amend his complaint to state a cognizable claim against him. If plaintiff chooses not to do so, this case will proceed on plaintiff's original complaint and his claims against defendants Jones and Bedford.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel on the grounds that he cannot afford counsel, the Eldorado County Jail lacks an adequate law library and materials, and plaintiff has no access to pens or photocopying. (ECF No. 9.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Eldorado County filed concurrently herewith.

3. Plaintiff's claim for a shortened sentence is dismissed with prejudice.

4. Defendant Green is dismissed without prejudice.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. If plaintiff chooses not to file an amended complaint within the time provided, this case will proceed on plaintiff's claims against Jones and Bedford in his original complaint.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

7. Plaintiff's motion for the appointment of counsel (ECF No. 9) is denied.

Dated: January 23, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/camp1269.scrn

7