UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARBOR CAMPOS-RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JONES, et al.,<br><br>Defendants. | No. 2:17-cv-1269 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is incarcerated at the South Lake Tahoe Jail ("Jail"). He is proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants interfered with his legal mail. In orders filed January 23 and March 7, 2018, the court found service of the complaint appropriate on defendants Bedford and Jones. (ECF Nos. 13, 16.) So that the U.S. Marshal may serve these defendants, the court ordered plaintiff to submit documents to the court, including three copies of his complaint.

On March 12, 2018, plaintiff filed a motion for a preliminary injunction. (ECF No. 17.) Plaintiff complained that the jail does not have an "adequate law library" or a means for plaintiff to make photocopies of legal documents. In response, the court noted that plaintiff's only obligation at this point is to provide the court with the documents necessary to serve defendants

////

////

1

Bedford and Jones. That obligation does not require law library access. Further, the court notes that plaintiff's recent filings include extensive case citations and legal argument, indicating that he does, in fact, have the ability to conduct legal research. The court will recommend plaintiff's motion for an injunction requiring defendants to provide a better law library be denied.

However, plaintiff does require access to a photocopier. The court ordered plaintiff to supplement his motion by explaining who is denying him access to photocopying services. (ECF No. 20.)

On March 15, 2018, plaintiff submitted all of the documents necessary for service of his complaint except for two copies of the complaint. As a one-time courtesy to plaintiff, and because, as described below, the Jail does not appear to have a reasonable method for plaintiff to make copies, the court will provide sufficient copies of the complaint to permit its service on defendants Bedford and Jones. In a separate order, the court will instruct the U.S. Marshal to serve the complaint.

On March 26 and 28, 2018, plaintiff filed supplements to his motion. With respect to photocopying services, plaintiff's filings show that the Jail will allow plaintiff to make photocopies only if he "appoint[s] a 'legal runner' who can assist [him] in the completion and filing of legal documents, and make copies for you." (See Inmate Grievance Response dated Mar. 2, 2018, attached to plaintiff's March 26 supplement as Ex. H (ECF No. 21 at 15).) Plaintiff identifies the following Jail personnel as preventing him from making photocopies: Captain Noren, Lieutenant Green, and Sergeant George.

Prisoners have a constitutionally-protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). This right encompasses the use of a copier to prepare legal filings. See Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could be hindered seriously by an inability to make multiple, accurate copies of legal documents."); Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991) ("Litigation necessarily requires some means of accurate duplication because the court and the parties need to refer to the same documents. Photocopying is a reasonable means of providing the necessary copies."). While these standards

do not require the Jail to provide unlimited free copies, they do require that plaintiff be given reasonable access to photocopying. See Canell v. Bradshaw, 840 F. Supp. 1382, 1392 (D. Or. Nov. 23, 1993) ("[P]hotocopying can be an indispensable service when the plaintiff is obliged to provide copies of exhibits and other original documents to the court and opposing counsel."); see also Johnson v. Parke, 642 F.2d 377, 380 (10th Cir. 1981).

In the present case, plaintiff is an indigent Jail inmate representing himself. The court ordered him to provide three copies of his complaint to proceed with this case. Indigent inmates must be provided certain materials in order to have adequate access to the courts. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987), overruled on other grounds in Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012). For example, they must be provided with postage stamps at state expense to mail legal documents, subject to reasonable regulations by the state. Id. Case law demonstrates that plaintiff must be provided a reasonable way to make photocopies in order to proceed with this action.

The court will reserve ruling on plaintiff's motion for an injunction regarding access to photocopying. The court will order the Clerk to serve a copy of this order on Captain Noren, Lieutenant Green, and Sergeant George at the South Lake Tahoe Jail. If plaintiff remains unable to have reasonable access to photocopying, the court may order these Sheriff's Department employees or defendants to respond to plaintiff's motion.

Accordingly, the Clerk of the Court IS HEREBY ORDERED to do the following:

1. Make two copies of plaintiff's June 21, 2017 complaint (ECF No. 1) to permit the U.S. Marshal to effect service of the complaint as described in the accompanying order;

2. Serve a copy of this order on Captain Noren, Lieutenant Green, and Sergeant George, El Dorado County Sheriff's Office, South Lake Tahoe Jail, 1051 Al Tahoe Blvd., South Lake Tahoe, CA 96150; and

3. Randomly assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for an injunction regarding law library access (ECF No. 17) be denied.

| | |
|---|---|
| 1 | These findings and recommendations will be submitted to the United States District Judge |
| 2 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 3 | after being served with these findings and recommendations, plaintiff may file written objections |
| 4 | with the court. The document should be captioned "Objections to Magistrate Judge's Findings |
| 5 | and Recommendations." Plaintiff is advised that failure to file objections within the specified |
| 6 | time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 |
| 7 | F.2d 1153 (9th Cir. 1991). |

Dated: April 2, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/camp1269.pi copying